**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES A. MITCHEL,

        Plaintiff-Appellant/Cross-
Appellee,

  v.

CITY OF SANTA ROSA,

        Defendant-Appellee/Cross-
Appellant.

Nos. 10-16570, 10-16694

D.C. No. 3:09-cv-05004 SI

MEMORANDUM[*]

Appeals from the United States District Court
for the Northern District of California
Susan J. Illston, District Judge, Presiding

Argued and Submitted October 25, 2011
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and QUIST,[**] Senior District
Judge.

    The district court's dismissal of Claim 2 is affirmed.  Claim 2 is waived because

James Mitchel voluntarily invoked arbitration under section 56 of the Santa Rosa City

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for Western Michigan, sitting by designation.

Charter without challenging any aspect of section 56. *See Moncharsh v. Heily & Blase*, 832 P.2d 899, 917 (Cal. 1992). Even if Mitchel did not waive Claim 2, the claim was properly dismissed because the arbitration costs imposed in his individual case, which involved a cost-sharing provision between the employer and employee, did not violate Mitchel's right to due process. The Santa Rosa Personnel Rules guaranteed Mitchel the right to a hearing before the Personnel Board, and any decision would have been subject to judicial review. Instead, Mitchel opted for final and binding arbitration under the terms of the Santa Rosa City Charter.

As to Claim 13 in the First Amended Complaint ("FAC"), Mitchell alleges very generally that the arbitration award should be vacated because of violations of California Government Code section 1286.2. The specific grounds for *vacatur* are alleged to be: unlawful tactics of Arbitrator Kelly; the arbitration panel exceeded its powers by hearing the arbitration; Mitchel was substantially prejudiced by the refusal of the arbitrators to see and hear material evidence and to permit discovery; the arbitrators heard evidence that was substantially tainted; and Mitchel was substantially prejudiced by the conduct of the arbitrators who reviewed typewritten evidence without production of the underlying handwritten notes. Mitchel was given leave to amend Claim 13 of the FAC "as to the allegations of misconduct by Arbitrator Kelly," but Mitchel failed to do so, instead omitting Claim 13 from the Second Amended Complaint ("SAC"). The district court was thereafter correct in concluding that

2

Mitchel's failure to keep allegations regarding Arbitrator Kelly in the SAC resulted in Mitchel abandoning his claims regarding alleged wrongdoing by Arbitrator Kelly. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("It is the law of this circuit that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint."). The district court erred, however, by finding that Mitchel had abandoned his remaining grounds for *vacatur*, because the district court had rejected these grounds "as a matter of law," without leave to amend. We therefore review the district court's dismissal of these grounds.

As for Mitchel's argument that the arbitration panel improperly refused to consider his claims that the City violated California's Public Safety Officers Procedural Bill of Rights Act ("POBOR"), Cal. Gov't Code §§ 3300-3313, we find that the district court erred by affirming the arbitration panel's reasoning. Although the California Superior Court has "initial jurisdiction" over POBOR claims, *see* Cal. Gov't Code § 3309.4(c), California courts have held that this grant of initial jurisdiction "does not vest the courts with *exclusive* jurisdiction over an officer's [POBOR] claims." *Lozada v. City & Cnty. of San Francisco*, 52 Cal. Rptr. 3d 209, 220 (Ct. App. 2006). We therefore remand this portion of Claim 13 for the district court to consider whether the arbitration panel's refusal to consider Mitchel's POBOR claims constituted a ground for *vacatur* of the award. *See* Cal. Civ. Code § 1286.2.

As for Mitchel's argument that the arbitration panel refused to allow him

3

adequate discovery and permitted the City to present evidence of Ms. Warr's typewritten notes without producing the underlying handwritten notes, we find that the district court erred by relying on the McClain Declaration submitted by the City. Generally, at the motion to dismiss phase, the court is limited to reviewing the contents of the complaint and any documents incorporated by reference. *See, e.g., Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). We therefore remand this portion of Claim 13 for the district court to determine whether the allegations in the complaint, taken as true, show that the arbitration panel denied Mitchel discovery to which he was entitled, and whether any such error constituted a ground for *vacatur* of the award. *See* Cal. Civ. Code § 1286.2.

The district court dismissed Claims 6, 7, 9, and 10 of the SAC (Mitchel's termination-related claims) on the ground that Mitchel conceded the validity of the arbitration award by abandoning request for *vacatur*. Because Mitchel did not abandon his request for *vacatur* when he omitted from the SAC the portions of Claim 13 that the district court had already dismissed with prejudice, we hold that the district court's reasoning was incorrect. However, we affirm the district court's dismissal of Claims 6, 7, and 10 on alternate grounds.

1) As to Claim 6, the district court is affirmed on the ground that Mitchel failed to show compliance with the California Fair Employment and Housing Act ("FEHA") section 12965(e)(2). *See* Cal. Gov't Code §§ 12900-12996.

Under FEHA, a complainant must file a complaint with the California Department of Fair Employment and Housing within one year of the unlawful discrimination and receive a right-to-sue letter, *see* Cal. Gov't Code §§ 12960, 12962, 12965, and any action must be brought within one year of receipt of the letter, *id.* § 12965(e)(2). Here, Mitchel received a right-to-sue letter on June 7, 2008. However, Mitchel did not file his present action against the City until September 30, 2009, more than a year later. The district court dismissed Claim 6 from the FAC with leave to amend in order for Mitchel to "include allegations regarding the statute of limitations and/or equitable tolling." Because Mitchel did not include any such allegations in Claim 6 of the SAC, we affirm the district court's dismissal of this claim for failure to show compliance with section 12965(e)(2).

2) As to Claim 7, the district court is affirmed on the ground that Mitchel failed to plead compliance with the California Tort Claims Act ("TCA"), Cal. Gov't Code §§ 910, 945.4. The claim submitted to the City focused almost entirely on Mitchel's challenge to the City Attorney's dissemination of Mitchel's interview report. The claim did not provide the City with sufficient notice of the termination-related claim to enable it to investigate the allegations. *See Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 99 P.3d 500, 502 (Cal. 2004).

5

3) As to Claim 10, the district court's dismissal is affirmed because an administrative writ of mandamus cannot be used to challenge an arbitration award. *Brosterhous v. State Bar of Cal.*, 906 P.2d 1242, 1255 (Cal. 1995).

With respect to Claim 9 and the portions of Claim 13 that the district court dismissed in error, we remand this case to the district court to: 1) determine whether the federal district court should exercise its pendent jurisdiction over these claims or should remand the claims to the state court, *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 651 (9th Cir. 1984) (usually dismissal of federal claims before trial dictates that the pendent state claims should be dismissed); and 2) if the district court does retain jurisdiction over the state claims, determine whether these claims can survive a motion to dismiss on grounds other than abandonment.

The dismissal of Claims 11 and 12 is affirmed for the reasons stated by the district court. Claims 11 and 12 allege several violations of POBOR. Cal. Gov't Code §§ 3300-3313. Insofar as the claims pertain to receipt of the investigative report and the Notice of Intent letter, the claims fail as a matter of law. The remaining claims fail because Mitchel did not satisfy the requirements of the TCA. *See* Cal. Gov't Code §§ 910, 945.4. The claim that Mitchel sent to the City was not sufficient to put the City on notice of the separate claim that Mitchel was not afforded sufficient pre-termination hearing discovery. *See Stockett*, 99 P.3d at 502.

6

The district court's sanctions award is vacated and remanded for reconsideration. The district court awarded attorneys' fees for defending against the entire SAC, despite justifying the award almost entirely on a single frivolous claim. That claim is only one out of thirteen, and it is a claim not even contained in the SAC. Sanctions should be awarded only for the offending counts in a multi-count complaint. Fed. R. Civ. P. 11 advisory committee notes 1993 amends., cmts. to subdivs. (b) and (c), ¶ 9. If the district court improperly awarded sanctions for non-offending counts, then it abused its discretion by making a mistake of law. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). Thus, the district court should identify the particular claims in the FAC and SAC that it found sanctionable and should ensure that its sanctions award fits the sanctionable conduct that it identifies.

The district court's dismissal of Claims 2, 6, 7, 10, 11, 12, and part of 13 is **AFFIRMED**.

The district court's dismissal of Claim 9 and part of Claim 13 is **VACATED** and **REMANDED**.

The district court's sanction award is **VACATED** and **REMANDED** for reconsideration. The parties shall bear their own costs on appeal.

7