Filed 2/28/14  Mitchel v. City of Santa Rosa CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAMES A. MITCHEL,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CITY OF SANTA ROSA,<br><br>        Defendant and Respondent. | A137980<br><br>(Sonoma County<br>Super. Ct. No. SCV245198) |

James A. Mitchel appeals a judgment confirming an arbitration award that found just cause for his termination from employment as a police officer. Mitchel contends the award should be vacated because the arbitrators failed to consider claimed violations of the Public Safety Officers Procedural Bill of Rights Act (Gov. Code, § 3300 et seq.; hereafter POBRA) and failed to permit discovery. We shall affirm the judgment.

**Factual and Procedural History**

In June 2005, the City of Santa Rosa (City) hired Mitchel as a police captain. Beginning in 2007, various subordinate officers filed gender discrimination complaints against Mitchel and police chief Edwin Flint. In February 2008, the City informed Mitchel it had initiated an internal affairs investigation. Mitchel and the complainants were interviewed and an investigative report was prepared in March 2008, with a copy given to Mitchel.

In April 2008, the City notified Mitchel it intended to terminate his employment. A disciplinary hearing to decide the matter was scheduled for May 23, 2008. (*Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194, 215.) One day before the hearing, Mitchel

1

filed a civil complaint in superior court alleging a violation of his due process rights, among other claims. (42 U.S.C. § 1983.) The *Skelly* hearing proceeded as scheduled and the City notified Mitchel that he was terminated effective May 30, 2008. The City advised Mitchel he could challenge termination by requesting an administrative hearing or binding arbitration. Mitchel chose arbitration. Meanwhile, Mitchel's complaint was removed to federal court and dismissed without prejudice to filing a new complaint after arbitration was complete.

A three-member arbitration panel held evidentiary hearings over the course of ten days between October 2008 and January 2009. The arbitrators issued their decision in July 2009. The majority concluded the City had just cause for terminating Mitchel, finding that Mitchel was "inappropriate and unprofessional" with employees and dishonest when interviewed during the internal affairs investigation. In listing the issues raised by the parties, the arbitrators noted that Mitchel "asserted that the City violated various provisions of the Public Safety Officers Procedural Bill of Rights Act." The arbitrators did not address that claim, concluding that "[t]he superior court exercises exclusive jurisdiction for causes of action stated under this statutory scheme."

In September 2009, Mitchel filed a new civil complaint in superior court alleging a violation of his due process rights, among other claims. (42 U.S.C. § 1983.) Those claims included two causes of action for POBRA violations and a petition to vacate the arbitration award. The City removed the action to federal district court. After allowing amendment to correct deficiencies raised by a motion to dismiss the complaint, in April 2010 the district court granted a subsequent motion to dismiss without leave to amend. In December 2011, the Ninth Circuit Court of Appeal affirmed dismissal of most of the claims stated in the complaint, remanding only two state law claims. The district court declined to exercise jurisdiction over the state claims and, in May 2012, remanded the case to state superior court.[1]

---

[1] The City requests judicial notice of recent federal court documents concerning attorney fees. Mitchel opposes the request. Finding no relevance, we deny the request for judicial notice.

In superior court, a demurrer was sustained on one of the claims, leaving only Mitchel's request to vacate the arbitration award pending. The City filed a petition to confirm the arbitration award and, in January 2013, the superior court issued an order confirming the award. Judgment was entered later that month from which Mitchel filed a timely notice of appeal.

**Discussion**

## I.  General principles

"[T]he Legislature has expressed a 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.' " (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9.) Parties who submit their dispute to arbitration 'expect that their dispute will be resolved without necessity for any contact with the courts.' (*Id.* at p. 9.) Fulfillment of that expectation requires "that judicial intervention in the arbitration process be minimized." (*Id.* at p. 10.) Accordingly, an arbitration award is not subject to judicial review except on specified statutory grounds. (*Id.* at p. 33; see Code Civ. Proc., §§ 1286.2, 1286.6.) Among those statutory grounds, a court will vacate an award if the court determines that "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (Code Civ. Proc., § 1286.2, subd. (a)(4).) This is a narrow provision. Arbitrators exceed their powers by "stray[ing] beyond the scope of the parties' agreement by resolving issues the parties did not agree to arbitrate"; they do not exceed their powers by making an error of fact or law in resolving issues properly submitted to them. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th at p. 28.)

"[I]n reviewing a judgment confirming an arbitration award, we must accept the trial court's findings of fact if substantial evidence supports them, and we must draw every reasonable inference to support the award. [Citation.] On issues concerning whether the arbitrator exceeded his powers, we review the trial court's decision de novo, but we must give substantial deference to the arbitrator's own assessment of his contractual authority." (*Alexander v. Blue Cross of California* (2001) 88 Cal.App.4th 1082, 1087.)

3

## II.  POBRA

Mitchel contends the award should be vacated because the arbitrators exceeded their powers in failing to address his POBRA claims. "Enacted in 1976, POBRA is 'primarily a labor relations statute. It provides a catalog of basic rights and protections that must be afforded all peace officers by the public entities which employ them.' [Citation.] POBRA 'secures to public safety officers certain political rights [citation] and prescribes certain protections that must be afforded them in connection with investigations of misconduct involving them and punitive actions taken against them. [Citations.] It also protects officers from retaliation for the exercise of their rights under the act.' " (*Lozada v. City and County of San Francisco* (2006) 145 Cal.App.4th 1139, 1149.) POBRA provides that violations may be remedied by injunctive relief, including an injunction prohibiting the department from taking any punitive action against the officer, and by the assessment of civil penalties, attorney fees, and actual damages in cases of malicious violation of an officer's POBRA rights with intent to injure the officer. (*Id.* at p. 1150.)

In arbitration, Mitchel claimed the City failed to comply with POBRA in providing inadequate notice of its intent to render discipline and inadequate disclosure of employee complaints and other materials relied upon by the City to terminate him. (Gov. Code, § 3303, subds. (c), (g).) These claims were directly related to the question of whether the City legally terminated Mitchel and should have been resolved by the arbitrators. The City does not contend otherwise. The City does contend that the arbitrators' omission of these claims from their consideration does not warrant vacating the award.

The arbitrators clearly erred in failing to resolve Mitchel's POBRA claims. The arbitrators did not address the claims for the stated reason that "[t]he superior court exercises exclusive jurisdiction for causes of action" under POBRA. The superior court does not, in fact, have exclusive jurisdiction over POBRA claims. (*Lozada v. City and County of San Francisco, supra,* 145 Cal.App.4th at p. 1158.) An employee may assert violation of POBRA "as a defense to discipline in the administrative proceedings, or can

4

seek an adjudication in court." (*Ibid.*) Mitchel was entitled to assert violation of POBRA as a defense to discipline in the arbitration proceeding, as the Ninth Circuit directly held in this matter. (*Mitchel v. City of Santa Rosa* (2011) 476 Fed.Appx. 661, 663-664.)

The City asserts that the arbitrators' error is beyond the scope of our review, as an error in legal reasoning. But there is a distinction between error during consideration of a contested issue and error in failing to consider a contested issue. The parties bargained for resolution of "all the contested issues of law and fact submitted to the arbitrator for decision." (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 28.) Arbitrators may decide a point incorrectly but they must decide it. (*Id.* at p. 12.) An arbitration award must include "a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." (Code Civ. Proc., § 1283.4.) "[W]here the record shows that an issue has been submitted to an arbitrator and that he totally failed to consider it, such failure may constitute . . . 'conduct' . . . justifying vacation of the award" and a new arbitration hearing. (*Rodrigues v. Keller* (1980) 113 Cal.App.3d 838, 841.) Alternatively, failure to consider an issue may support partial remand of the matter to the same arbitrators to complete their review of the submitted issues. (*Id.* at p. 842.)

Here, neither vacating the award nor a partial remand are warranted because the POBRA issues omitted from the arbitrators' consideration were subsequently resolved in a judicial forum. Mitchel sought to vacate the award for the arbitrators' failure to consider his POBRA claims but also prosecuted his POBRA claims in a civil complaint filed in superior court. The action was removed to federal district court and the district court resolved Mitchel's POBRA claims, dismissing them with prejudice. The dismissal was upheld on appeal. (*Mitchel v. City of Santa Rosa, supra,* 476 Fed.Appx. at p. 665.) Mitchel, having invoked a court's concurrent jurisdiction to decide the POBRA issues, may not seek a new arbitration hearing to relitigate those same issues. A judgment entered following a dismissal on substantive grounds is a judgment on the merits barring further litigation. (*Berman v. Aetna Casualty & Surety Co.* (1974) 40 Cal.App.3d 908, 912.)

Mitchel notes that not *all* of his POBRA claims were resolved on substantive grounds. Some of the claims were dismissed because Mitchel failed to comply with California's Tort Claim Act procedural notice requirements. Those claims concerned allegations that Mitchel was denied discovery of complaints and other materials relied upon in terminating his employment. These discovery claims, however, were decided by the arbitrators. The arbitrators addressed Mitchel's claim that he was denied discovery of a complaint and a complainant's handwritten notes by ordering production of the complaint and notes. The complainants testified at the arbitration hearing and their testimony, complaints, and notes were fully examined during the course of the proceeding. The arbitrators addressed Mitchel's remaining discovery claims as well, though not always to his satisfaction. The chairperson of the arbitration panel received extensive briefing and argument on discovery matters and issued a ruling denying pre-hearing depositions and document production in favor of subpoenas. During the course of the arbitration hearing, several of Mitchel's discovery requests were granted while others were denied. On this record, it cannot be said that the arbitrators "totally failed to consider" Mitchel's claims that he was denied discovery due under POBRA as would justify vacating the award. (*Rodrigues v. Keller, supra,* 113 Cal.App.3d at p. 841.)

### III.  Discovery

"In the absence of agreement, there generally is no right to discovery in arbitration proceedings under either state or federal law." (Knight, et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 2003) ¶ 5.385.) The arbitration here was conducted pursuant to the City charter, which states that arbitration of police employee disputes "shall be conducted in conformance with, subject to, and governed by Title 9 of Part 3 of the California Code of Civil Procedure," also known as the California Arbitration Act (CAA), and vests the arbitrators with authority to adopt "procedures that are designed to encourage an agreement between the parties, expedite the arbitration hearing process, or reduce the costs of the arbitration process." (Santa Rosa City Charter, § 56(d)(3).)

Mitchel contends that the charter's reference to the CAA incorporates section 1283.05 of that act, which permits broad discovery akin to civil suits. Mitchel is mistaken. The charter incorporates *all* of the CAA, which has multiple statutory provisions including a provision expressly limiting the reach of the section upon which he relies. Code of Civil Procedure section 1283.05 grants discovery rights only "[t]o the extent provided in Section 1283.1," which limits discovery to personal injury and wrongful death claims unless the parties specifically make section 1283.05 part of the arbitration agreement. A general reference to the CAA does not constitute an agreement to "the full panoply of discovery provided in Code of Civil Procedure section 1283.05." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 105-106.)

Mitchel argues that his wrongful termination claim is a personal injury claim entitled to the broad discovery allowances of Code of Civil Procedure section 1283.05. We disagree. "A wrongful termination claim primarily involves the infringement of property rights, not personal injury." (*Holmes v. General Dynamic Corp.* (1993) 17 Cal.App.4th 1418, 1436.) This point is not undermined by lingering uncertainty as to whether discriminatory wrongful termination in violation of the California Fair Employment and Housing Act (FEHA) is a personal injury claim entitled to discovery under Code of Civil Procedure section 1283.05. (See *Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th at p. 105 [declining to resolve the issue].) FEHA was not at issue here. The only issue was whether Mitchel was terminated for just cause and, in resolving that issue in the City's favor, the arbitrators found that Mitchel was "inappropriate and unprofessional" with employees and dishonest when interviewed during the internal affairs investigation. The matters subject to arbitration did not present a personal injury claim.

Mitchel was entitled to no more discovery than was sufficient to arbitrate his claims, which he received. As the trial court noted, Mitchel "received the investigative reports, the copies of the lodged complaints, tapes of the investigative interviews, [and] the City's exhibit and witness lists. Further, [Mitchel] had the right to seek subpoenas for

7

both documents and witnesses." The arbitrators' refusal to grant Mitchel additional discovery was within their power to decide. The arbitrators were vested with authority to adopt "procedures that are designed to . . . expedite the arbitration hearing process, or reduce the costs of the arbitration process." (Santa Rosa City Charter, § 56(d)(3).) Mitchel has failed to demonstrate any basis for vacating the arbitrators' discovery rulings.

**Disposition**

The judgment is affirmed.


_____

Pollak, J.



We concur:


_____

McGuiness, P. J.


_____

Siggins, J.