**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES A. MITCHEL,

               Plaintiff - Appellant,

    v.

CITY OF SANTA ROSA,

               Defendant - Appellee.

No. 12-16936

D.C. No. 3:09-cv-05004-SI

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted November 18, 2014
San Francisco, California

Before: THOMAS, Chief Judge, and REINHARDT and CHRISTEN, Circuit
Judges.

    James A. Mitchel appeals from the district court's reinstated award of

attorney's fees as Rule 11 sanctions following remand from this Court. *Mitchel v.*

*City of Santa Rosa*, 476 Fed. App'x 661, 665 (9th Cir. 2011). We have jurisdiction

pursuant to 28 U.S.C. § 1291. We review the district court's sanction order for an

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

abuse of discretion.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).
We affirm in part, reverse in part, and remand for reapportionment of the fee award.

I

The district court did not err by concluding that the identified claims were legally unfounded and therefore sanctionable.  *See* Fed. R. Civ. P. 11(b)(2).  These claims attempted to re-litigate, without modification, contentions previously dismissed by the district court as lacking legal merit.  The district court's assessment of the contents of Mitchel's pleadings is consistent with the record.  Mitchel's contrary assertion on appeal is not persuasive.

II

The district court did not err in awarding the City fees for its defense of the arbitrator misconduct claim.  The thirteenth cause of action in the First Amended Complaint asserted five claims alleging misconduct in the arbitration proceedings.  The district court awarded sanctions in the form of attorney's fees incurred in defending the entire thirteenth cause of action based on Mitchel's claim that the arbitrator acted improperly.  Under Rule 11, "[r]ecovery should never exceed those expenses and fees that were reasonably necessary to resist the offending action."  *In re Yagman*, 796 F.2d 1165, 1185 (9th Cir. 1986).  "The measure to be used is

not actual expenses and fees but those the court determines to be reasonable." *Id.* (quotation omitted). The district court did not abuse its discretion to award the city attorney's fees for its defense of the claim. The fees represent one-thirteenth of the total attorney's fees incurred by the city in defense of the First Amended Complaint. Further parsing of the fee award is not necessary because the five claims asserted in the thirteenth cause of action all relate to Mitchel's claim that the arbitrator acted improperly.

Mitchel claims that his decision to omit the arbitrator misconduct claim from the Second Amended Complaint, after receiving notice of the city's intention to seek Rule 11 sanctions based on the inclusion of those allegations in the First Amended Complaint, shields him from liability. Rule 11 provides that a party notified of potentially sanctionable conduct may cure the error by withdrawing or correcting the challenged paper, claim, defense, contention, or denial within 21 days. Fed. R. Civ. P. 11(c)(2). The text of the rule plainly states that the withdrawal requirement relates to the very pleading challenged by the motion for sanctions. *See id.* The district court did not err by imposing sanctions for Mitchel's assertion of the arbitrator misconduct claim because he did not withdraw or correct that claim from the First Amended Complaint.

## III

Mitchel raises two new procedural arguments. Mitchel claims that he was not given sufficient notice of the grounds for the renewed sanctions award, pursuant to Rule 11(c)(2). He also claims that he, as a represented party, may not be assessed a monetary sanction for advancing claims without legal support, pursuant to Rule 11(c)(5)(A). Mitchel's notice argument is waived, as no exceptional circumstance exists to excuse his failure to assert it before the district court or in his previous appeal.

However, we conclude that his Rule 11(c)(5)(A) claim has merit, and therefore exercise our discretion to consider the issue for the first time on appeal. *See AlohaCare v. Hawaii Dep't of Human Servs.*, 572 F.3d 740, 744 (9th Cir. 2009).

The district court originally awarded attorney's fees to the city as Rule 11 sanctions, payable jointly and severally by Mitchel and Lewis. Rule 11(c)(5)(A) prohibits the imposition of monetary sanctions against Mitchel for his counsel's advocacy of legally deficient claims. Lewis signed the pleadings that the district court found lacking in legal support. By doing so, Lewis certified that these pleadings were legally sound. *See* Fed. R. Civ. P. 11(b)(2). Mitchel may not be held personally responsible for a sanctions award based on his counsel's violation

of Rule 11(b)(2).  "Monetary responsibility for such violations is more properly placed solely on the party's attorneys."  Fed. R. Civ. P. 11(c)(5)(A) advisory committee's note (1993 amendment).

We recognize that this issue was not presented to the district court. However, a conflict of interest between Mitchel and his counsel may have prevented Mitchel a full and fair opportunity to litigate his Rule 11(c)(5)(A) claim in prior proceedings.  Lewis's financial interest favored maintaining that apportionment of liability, while Mitchel's financial interest favored asserting his personal liability was barred by Rule 11(c)(5)(A).  Although we do not reach any conclusions about whether conflict interfered with the assertion of the claim, the possibility of a conflict is sufficient for us to exercise our discretion to consider this issue for the first time on appeal.

Taking the full import of Rule 11(c)(5)(A) into account, we must direct a modification of the sanction award.  We therefore remand with instructions to assess the entire sum of attorney's fees as sanctions for advancing legally unsupported arguments solely against Mitchel's counsel.  Mitchel and Lewis may remain jointly and severally liable only for the portion of the award based on the arbitrator misconduct claim.  The parties shall bear their own costs on appeal.

**AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS.**